# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIM. NO.: 09-cr-00029 |
| v. ) | |
| ) | |
| VAYRON COLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER comes before the Court on Defendant Vayron Cole's Motion to Suppress. Defendant seeks to suppress evidence obtained by police when they searched his vehicle following a traffic stop. Defendant asserts that the police lacked probable cause and that he did not consent to a search of his vehicle. A hearing on the matter was held on February 26, 2010. For the reasons that follow, Defendant's Motion to Suppress will be DENIED.

### I. Background

On October 28, 2009 at approximately 11:30 p.m., Officer Ralston Wright and Officer Andrea Claxton of the Virgin Islands Police Department (VIPD) were on patrol on the Queen Mary Highway in Frederiksted, St. Croix. The officers observed a white Toyota 4runner cross the double yellow line and overtake another vehicle in an unsafe manner. The officers, who were patrolling the area in a marked Virgin Islands police cruiser, subsequently stopped the vehicle and, after running a background check on the vehicle, Officer Wright approached the

driver's side of the car. Officer Wright avers that he detected a strong odor of marijuana and asked Cole if he had contraband in the car. According to Wright, Cole answered that he did. Then Wright illuminated the interior of the vehicle with a flashlight and observed a marijuana cigarette in the center console. Wright reported that Cole said the substance was marijuana and was for his personal use. Cole was then arrested and hand-cuffed and a search of his person and car was conducted. Officer Wright recovered $1708.00 in U.S. currency from Cole's pockets. A search of the car uncovered 2 large plastic bags and several smaller bags of marijuana, weighing a total of 833.5 grams. The search also revealed $16, 611.00 in U.S. currency under the rear seat on the passenger's side. Subsequently, Cole was charged in an information with violations of 21 U.S.C. § 841(a)(1) and (b)(1)(D), possession of marijuana with intent to distribute, and 21 U.S.C. § 853, cash forfeiture.

Cole contends that he never gave consent to the officers to search the vehicle and that he never stated that the marijuana seized belonged to him. Cole also argues that the police lacked probable cause to search the vehicle.

## II. Discussion

### A. Warrantless Search and Seizure

"On a motion to suppress, the government bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). "Generally, subject only to a few well-defined exceptions, warrantless searches and seizures are per se unreasonable under the Fourth Amendment." *United States v. Williams*, 413 F.3d 347, 351 (3d Cir. 2005) (citing *United States v. Ross*, 456 U.S. 798, 824-25 (1982) (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct.

507, 19 L.Ed.2d 576 (1967))). One such exception, known as the "automobile exception," was articulated by the Supreme Court in *Carroll v. United States.* In *Carroll,* the court, recognizing the impracticality of obtaining a warrant when dealing with a vehicle, made provision for warrantless searches of an automobile where probable cause existed. 267 U.S. 132, 153-54 (1925). The automobile exception was greatly expanded following the Supreme Court cases *New York v. Belton*, 453 U.S. 454 (1981) and *Thornton v. United States*, 541 U.S. 615 (2004), which held that a police officer was entitled to conduct a warrantless search of a car incident to an arrest. Courts interpreted *Belton* and *Thornton* as permitting such a search without regard for whether the officer was searching for evidence related to the arrest or whether the suspect had access to the vehicle.[1] However, the Supreme Court recently curtailed the formerly expansive reading of these cases and held that *Belton* and *Thornton* only "permit an officer to conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 129 S.Ct. 1710, 1721 (2009). The Supreme Court noted that "[a] rule that gives police the power to conduct such a search whenever an individual is caught committing a traffic offense, when there is no basis for

---

[1] In *Belton*, the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. 453 U.S. at 460. *Belton* has been interpreted as authorizing a search of the passenger compartment as well as any other container within the vehicle. *Arizona v. Gant*, 129 S.Ct. 1710, 1720 (2009). In *Thornton*, the Supreme Court clarified that it made no difference under *Belton* whether the police officer confronted a suspect inside or outside the vehicle. Instead, the Supreme Court held that "[o]nce an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment." *Thornton*, 541 U.S. at 623.

believing evidence of the offense might be found in the vehicle, creates a serious and recurring threat to the privacy of countless individuals." *Id*. at 1720.

### B. Probable Cause

Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested. *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). While a warrant supported by probable cause is generally required to conduct a search and seizure, *Williams*, 413 F.3d at 351, "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Gant,* 129 S.Ct. at 1719 (citations and internal quotations omitted). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982).[2]

The Supreme Court's recent ruling in *Gant*, which limited warrantless searches of cars incident to an arrest does not impact the ability of a police officer in Officer Wright's position to search a suspect's vehicle. Prior to the search, Wright indicated that he detected the odor of marijuana, questioned Cole and received confirmation that he had marijuana in the car, and then with the use of a flashlight, was able to see marijuana in plain view on the console of the car.

---

[2] As the Government notes, *Gant* did not overrule *Ross,* to the extent that *Gant* made allowance for "searches for evidence relevant to offenses *other than the offense of arrest*" where "there is probable cause to believe a vehicle contains evidence of criminal activity." *Gant,* 129 S.Ct. at 1721 (emphasis added). However, in the instant case, testimony of Wright establishes that Cole was arrested for possession of marijuana, not for crossing the double yellow sign and driving in a reckless manner. Therefore, the evidence sought here *was* relevant to the offense of the arrest.

Cole's arrest was supported by probable cause that he was illegally in possession of a controlled substance. When Wright searched the car, it was because he had a reasonable basis to believe that evidence of the offense for which Cole was arrested, *i.e.*, possession of marijuana, would be found in the car based on the olfactory and visual perception of marijuana and Cole's confirmation that the substance was marijuana. Even if the Government did not establish that Cole admitted that he had marijuana in the car, the odor of marijuana itself provided probable cause to search the car. *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006) ("It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause" (citing *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir.2004) (quotations omitted)); *United States v. Winters*, 221 F.3d 1039, 1042 (8th Cir.2000))). In addition, Wright indicated that the marijuana was in plain view, also providing grounds to seize the contraband. *See, e.g., Texas v. Brown*, 460 U.S. 730, 738, (1983) ("'plain view' provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment."). "[I]f, while lawfully engaged in an activity in a particular place, police officers perceive a suspicious object, they may seize it immediately." *Brown*, 460 U.S. at 739. Shining a flashlight to illuminate the interior of a suspect's car does not violate any privacy right secured by the Fourth Amendment. *Id*. at 740. *See also United States v. Whitney*, 2009 WL 3542796, at *2 (3d Cir. 2009) (where officers had stopped defendant for a traffic violation and "were lawfully in a position from which to observe the drugs on the floor of [defendant's] car using a flashlight . . . the evidence was admissible under the plain view doctrine").

Once probable cause to search the car existed, it provided the basis for searching the entire vehicle. *Ross*, 456 U.S. at 825. Thus, the recovery of marijuana, as well as the cash from under

the rear seat on the passenger's side constituted a valid search and seizure under the Fourth Amendment.

### III. Conclusion

The Court concludes that the Officer Wright had probable cause to arrest and search Cole and his vehicle when Officer Wright, standing next to the car pursuant to a lawful traffic stop, perceived the odor of marijuana, was told by the suspect that there was marijuana in the vehicle, and saw the marijuana through the window of the car. Therefore, Defendant cannot prevail on his Motion to Suppress. An Order denying his Motion will be separately issued.

ENTER:

Dated: March 1, 2010 _____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE